JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **5:25-cv-03037-DTB**                                     Date: **March 11, 2026**

Title: **Deondre Raglin v. Victor Rivas, et al.**
=================================================================
**DOCKET ENTRY**
=================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

Rachel Maurice                                          n/a
Deputy Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:           ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                    None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING THE INSTANT ACTION FOR FAILURE TO PROSECUTE**

## I.
## PROCEDURAL HISTORY

On November 12, 2025, plaintiff Deondre Raglin ("Plaintiff"), through counsel, filed a Complaint alleging claims under the Americans with Disabilities Act ("ADA"). (Docket No. 1). Named as defendants in the Complaint are Victor Rivas, doing business as Rivas Realty and Mortgage ("Rivas") and Roberta Harris, as Trustee of the Brian C. Trekell Irrevocable Trust ("Harris").

On November 13, 2025, the Court issued its Standing Order (Docket No. 7) and issued the Summons (Docket No. 6). Also on November 13, 2025, the Court issued its Order Regarding Prosecution of Certain Cases Under the ADA as well as an Order to Show Cause Regarding Supplemental Jurisdiction ("OSC"). (Docket Nos. 9-10).

On November 19, 2025, Plaintiff filed his Response to the OSC. (Docket No. 11).

On November 20, 2025, the Court declined supplemental jurisdiction and ordered Plaintiff to either file a statement indicating he intended to proceed on his remaining cause of action under the ADA, or a notice voluntarily dismissing this action to enable the hearing of all of his claims in state court. (Docket No. 12).

On November 26, 2025, Plaintiff filed a Notice of Intent to Proceed. (Docket No. 13).

      On March 2, 2026, Plaintiff filed a Proof of Service upon defendant Rivas advising the Court that Rivas was served with the Complaint on February 17, 2026.[1]

      As Plaintiff had failed to serve Harris, on March 3, 2026, the Court issued an Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute. (Docket No. 17).

      On March 10, 2026, Plaintiff filed a Notice of Dismissal ("Notice") which reads: "**PLEASE TAKE NOTICE** that Plaintiff [ ] pursuant to Federal Rule of Civil Procedure Rule 41(a)(1) hereby voluntarily dismisses Defendant VICTOR RIVAS D/B/A RIVAS REALTY & MORTGAGE [ ] *without prejudice* pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)" (emphasis in original). (Docket No. 18). Plaintiff's Notice fails to responds to the Court's OSC regarding Harris.

## II.
## DISCUSSION

      It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

      In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not properly served Harris, the sole defendant remaining in this action. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently. The third factor – prejudice to the defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably

---

1    The Court notes that service of this action on defendant Rivas was untimely pursuant to Fed.R.Civ.P. 4(m). Plaintiff's Complaint was filed on November 12, 2025, and service was to be completed within 90 days thereafter, *i.e.*, February 10, 2026.

delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been instructed on his responsibilities and warned of the consequences of failure to do so.  (Docket Nos. 7, 17).  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with court orders by failing to serve Harris with this action or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see Docket No. 17.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**